## THE STATE *v.* LORRY.

CRIMINAL LAW. *Barber-shop.* Barbering on Sunday is not indictable, either as a nuisance or a misdemeanor.

Code cited: Secs. 1723, 4596.

### FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

G. P. M. TURNER for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Lorry was indicted in the Criminal Court at Memphis for keeping open his shop and carrying on his business of barbering on Sunday, openly and publicly, to the evil example of all others, to the common nuisance of all good citizens, and against the peace and dignity of the State.

On motion the indictment was quashed, and the State has appealed.

It is provided by sec. 1723 of the Code, that if any merchant or other person shall be guilty of doing or exercising any of the common avocations of life, acts of real necessity or charity excepted, on Sunday, he shall, on conviction before a justice of the peace, forfeit and pay three dollars, one-half to the person

suing for the same, and the other half for the use of the county.

By sec. 4596 of the Code, " when the performance of any act is prohibited by statute, and no penalty for the violation of such statute is imposed, the doing of such act is a misdemeanor."

It follows that although defendant is prohibited from following his avocation of barbering on Sunday, yet, as the statute fixes a penalty for such violation, his violation of the prohibitory law is not indictable as a misdemeanor.

But it is observed that the indictment concludes by charging defendant with carrying on his business of barbering openly and publicly to the common nuisance of all good citizens. The question then is, whether the defendant is indictable for a public nuisance in carrying on his trade on Sunday. If this be so, then every other person who carries on his ordinary business openly and publicly on Sunday may be indicted for a nuisance. The occupation of the barber stands on the same platform with that of the merchant, mechanic, farmer, or professional man. It is an occupation necessary for the comfort and convenience of the citizens, and in no respect a nuisance, unless it becomes so by the simple fact that it is carried on on Sunday.

The legal definition of a nuisance is, " that which incommodes or annoys; something which produces inconvenience or damage." It cannot be said that a barber's shop is something which incommodes or annoys, or which produces inconvenience or damage to

The State *v.* Lorry.

others. On the contrary, the business of barbering is so essential to the comfort and convenience of the inhabitants of a town or city, that it may be regarded as a necessary occupation. To hold that it becomes a nuisance when carried on on Sunday, is a perversion of the term nuisance. All that can be said of it is, that when prosecuted on Sunday it is a violation of the statute, and subject to be proceeded against as prescribed by law, but not subject to be indicted as a nuisance. It may shock the moral sense of a portion of the community to see the barber carrying on his business, with open doors, on Sunday, but it produces no inconvenience or damage to others, and therefore cannot be regarded in legal contemplation a nuisance.

We are therefore of opinion that the ruling of the court below was correct, and affirm the judgment.